IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ROBERT J. HOWARD,<br><br>            Petitioner,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>            Respondent. | Case No. CV 04-489-S-MHW<br><br>**MEMORANDUM DECISION and ORDER** |

Currently before the Court for its consideration is the Petitioner's request for judicial review (dkt. # 1) of the Respondent's denial of the application for social security disability benefits. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review, the parties' submissions, the administrative record, and based on the following analysis, the decision of the Commissioner of the Social Security Administration will be reversed and benefits will be awarded.

**Memorandum Decision and Order - Page 1**

# I.
# Background.

## A.     Administrative Proceedings.

Petitioner Robert John Howard III filed an application disability insurance benefits on January 17, 2002, alleging disability since March 10, 2000.  (AR 76-80.)   The application was denied initially on May 2, 2002, and upon reconsideration on July 30, 2002.  (AR 40-44 and 47-52, respectively.)  After a timely request for a hearing was filed on August 15, 2002, Petitioner, represented by counselor Debra Irish Young, appeared and testified before Administrative Law Judge (ALJ) James W. Olson on March 31, 2003.  (AR 350-81.)  Anne Aastum, a vocational expert, was present at the hearing, but did not testify.  Later, the ALJ requested that she answer certain interrogatories.  (AR 349-55.)  Neurologist Dale M. Peterson also submitted answers to interrogatories at the request of the ALJ.  (AR 332-38.)

ALJ Olson considered the testimony and all other evidence of record, and on January 15, 2004, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits.  (AR 17-28.)  This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on August 27, 2004.  (AR 6-11.)  20 C.F.R. §§ 404.981, 416.1481 (1991).  Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## B.     Statement of Facts.

At the time of the hearing before the ALJ, Petitioner was 62 years old.  Petitioner testified that he graduated from high school and took some college courses while in the military.

**Memorandum Decision and Order - Page 2**

(AR 355-56.) Petitioner's prior work experience consisted of military medical corpsman, dental laboratory technician and manager, cultured marble business, and direct client care at the Idaho State School and Hospital for the developmentally disabled. (AR 356-61.) Petitioner alleged disability since March 10, 2000 (AR 76), due to back problems as a result of an injury received at his last job, depression, heart problems, high blood pressure, arthritis, and vertigo.

## II.
## Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR 27-28), the ALJ made specific findings as follows:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's impairments are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity as described in the body of the decision.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

8. The claimant is an "individual closely approaching retirement age" (20 C.F.R. § 404.1653).

9. The claimant has "more than a high school education (20 C.F.R. § 404.1564).

10. The claimant has transferable skills from skilled work previously performed as described in the body of the decision (20 C.F.R. § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 C.F.R. § 404.1567).

12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.08 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a dental ceramist, dental ceramist assistant, and orthodontic technician.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

## III.
## Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C.  § 423(d)(2)(A).

**Memorandum Decision and Order - Page 4**

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well settled that, if there is substantial evidence to support the decision of the Commissioner, then the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v.*

*Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits.  20 C.F.R. §§ 404.1520, 416.920 (1996)*; Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  First, the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If the claimant is engaged in such activity, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  The ALJ determined that the Petitioner had not engaged in any gainful activity  since the alleged onset of disability in March, 2000.  (AR 27.)

Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.   The ALJ here found that Petitioner's  impairments were considered to be "severe" based on the requirements in the Regulations at 20 C.F.R. § 404.1520(c).  (AR 27.)

If the impairment is severe, the Commissioner proceeds to the third step of the evaluation process to determine whether the claimant has an impairment which meets or equals those contained in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4.  20

C.F.R. §§ 404.1520(d); 416.920(e).  Appendix 1 contains a list of impairments which would prevent a person from engaging in substantial gainful employment.  If a claimant can show he or she is limited by such an impairment, disability is presumed.   The ALJ here determined that Petitioner did not possess the medical findings to meet or equal one of the listed impairments.  (AR  27.)

If the impairment is not one that is presumed to be disabling, then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e. whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  If the claimant is able to perform past work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The ALJ determined that the Petitioner would be unable to perform any of his past relevant work under Regulation 20 C.F.R. § 404.1565.  (AR 27.)

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. 20 C.F.R. §§ 404.1520(f), 416.920(f).  In the instant case, the ALJ determined from the evidence that the Petitioner retained certain transferable skills from work previously performed and  that he has the residual functional capacity to perform a "significant range" of sedentary work.  (AR 28.)  On the basis of this review, the ALJ determined that Petitioner was not disabled within the meaning of the Act.

**Memorandum Decision and Order - Page 7**

## IV.
## Issues Raised.

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). Petitioner contends that the ALJ erred in the following respects:

> 1)   The ALJ failed to properly support his finding that the Petitioner's testimony was not credible.
>
> 2)   The ALJ erred in finding that the Petitioner has the residual functional capacity to perform work identified by the vocational expert.

The Court will take each argument in order.

**A.    Petitioner's credibility.**

In his findings, the ALJ stated that he did not find the Petitioner's allegations regarding his limitations to be "totally credible for the reasons set forth in the body of the decision." (AR 27 at ¶ 5.) In support of this finding, the ALJ made the following statements:

> 1.   Although such activity and a disability are not necessarily mutually exclusive, the claimant's decision to go hunting and on an extended trip tends to suggestion [sic] that the alleged symptoms and limitations may have been overstated.
>
> 2.   Although the claimant has alleged various side effects from the use of his medications, the medical records, such as office treatment notes, do not corroborate those allegations. Further, there is evidence that the claimant has not been entirely compliant in taking prescribed medications, which suggests that the symptoms may not have been as limiting as the claimant has alleged in connections with this application. (Ex. 16F/1).

**Memorandum Decision and Order - Page 8**

    3.       Although claimant testified that he could only stand for 2 minutes and walk 50 feet, it is noted claimant reported he had *some intermittent back and leg pain,* especially when he stands and walks for *long periods of time.* (Ex. 6F/3)(Emphasis supplied). [sic]

    4.       He testified that he does nothing for social activities, however he reported that he goes hunting, fishing and camping, and further reported that when he hunts, someone drops him off and he *sits all day,* and the same with fishing. (Ex. 3E).

    5.       Although he testified that he can only walk for 50 feet, he reports that he exercises or walks a couple of times daily, and goes grocery shopping.

    6.       Although he testified that his pain is constant, he reports that he only takes pain relievers, *if necessary.*

    7.       The record reveals that the claimant failed to follow-up on recommendations made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal. It is noted that when compliant, claimant experienced improvement in his symptoms. (Ex. 16F/1-3).

(AR 25.)

Petitioner argues that the ALJ's statements in finding a lack of credibility are misplaced. For example, the Petitioner's testimony at the hearing in 2003 about being able to only stand for 2 minutes and walk 50 feet was consistent with progressive degenerative disc disease. The information quoted by the ALJ about "intermittent back and leg pain" after standing and walking "for long periods of time" was taken from Dr. Verska's notes (AR 217) from a post-surgery visit in September, 2001, and are not necessarily the Petitioner's words. Petitioner has continued to complain about back pain and limitations on his activities to his treating physician, Dr. Rees (AR 280, 285, 298-99).

**Memorandum Decision and Order - Page 9**

Petitioner further asserts that the ALJ took issue with the Petitioner's testimony when he stated that he can only sit for 20 minutes at a time and deemed this not to be credible when Petitioner also testified that when his gout flares up, he must sit for several days with his leg elevated, or when he goes hunting, he stays in camp and sits while his family goes off.  The ALJ interpreted this to mean that the Petitioner literally sits the entire time without getting up to move around at all, and therefore deemed his testimony about only being able to sit for 20 minutes at a stretch to be incredible.  In addition, at the time of the hearing, the Petitioner testified that he had only been physically able to go on one hunting trip for one day in the past year.

From the record, the Court notes that the ALJ surmised that the Petitioner's failure to be fully compliant with his medication regimen must mean that "the symptoms may not have been as limiting as the claimant has alleged in connections with this application."  At any given time, the record reflects that the Petitioner is taking anywhere form 12 to 15 medications daily.  The Court notes, however, that there is evidence in the record that the Petitioner's insurance had run out (AR 329), and that he was trying to cut back or take less of one or two of his medications so that it would last longer because he was having trouble paying for all of it.  His treating physician was  assisting him in applying for a program that help cover the cost of the medications (AR 328, 330).

The record also reflects that "the extended trip" that the Petitioner is said to have gone on was a trip to Seattle with his wife to pick up his mother-in-law to bring her back to live with them so that she may assist the Petitioner and his wife. (AR 330.)  This was perhaps a trip of necessity for them as opposed to a vacation as the ALJ implies.

**Memorandum Decision and Order - Page 10**

The record also reflects that the ALJ's statement that, "Although he testified that his pain is constant, he reports that he only takes pain relievers, *if necessary*," is incorrect.  Petitioner did state in a daily activities questionnaire in February, 2002, that he takes "pain relievers if necessary," but in the sentence right before that, Petitioner wrote that he takes "neurontin 300 mg 3 times daily."  (AR 96.)  Neurontin is a pain reliever.  Petitioner testified at his hearing that he still takes neurontin for pain, even though he doesn't know whether it works that well, and he additionally takes medicine for arthritis pain in his hands.  (AR 368.)

Finally, the ALJ called into question the Petitioner's credibility on the ground that the "record reveals that the claimant failed to follow-up on recommendations made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal."  At the place in the record cited by the ALJ in support of this conclusion (AR 328-30), Dr. Rees's notes reflect that the Petitioner was not always compliant with his dietary restrictions for diabetes because he would sometimes indulge in sugary foods or too many carbohydrates (AR 328, 330).  In addition, she noted that he was not always consistent about taking colchicine, which is his prescribed medication for gout (AR 330).  On the same page, however, his blood tests results for sugar were noted to be within normal limits (AR 330), indicating that his dietary indiscretions were not having much of an impact on his diabetes at the time.  Perhaps most importantly, the Petitioner's application for social security disability benefits was not primarily based on physical complaints arising out of either diabetes or gout (AR 76-94), thus whatever his symptoms may or may not be in this regard, they were *not* "alleged in connection with this application and appeal," as the ALJ states, and Petitioner's credibility should not be judged on this basis.

**Memorandum Decision and Order - Page 11**

Courts have consistently held that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See: Meanel v. Apfel,* 172 F.3d at 1113; and *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1995). A claimant may not rely upon mere allegations of pain to meet his burden of proof, but must substantiate such allegations with objective medical findings which could reasonably be expected to produce the alleged pain or other symptoms. *See:* 42 U.S.C. §§ 423(d)(5)(A) and 1382c(3)(H). Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of his disabilities if he can state specific, clear, and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996). An ALJ is not required to believe every one of Petitioner's allegations of physical disabilities because it would be contrary to 42 U.S.C. § 423(d)(5)(A), and while many medical conditions produce pain or impairment, they are not always severe enough to preclude gainful employment. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

In this instance, the ALJ summarized the Petitioner's testimony with regard to his allegations about his disability and stated a number of reasons why he believed the Petitioner not to be credible. (AR 25.) The ALJ subsequently made a finding that the claimant's allegations regarding his limitations were not "totally credible." (AR 27 at ¶ 5.) The Court has reviewed the ALJ's reasons for this finding and acknowledges that it may not substitute its judgment for that of the ALJ, in addition to the principle that the ALJ's findings as to credibility are not to be disturbed if supported by clear and convincing evidence. Here, however, the Court finds that the ALJ's stated reasons giving rise to his finding the Petitioner's credibility to be lacking are not, as

**Memorandum Decision and Order - Page 12**

shown above, supported by the evidence of record.  Therefore, the Court finds that the ALJ's finding was not supported by clear and convincing evidence.

**B.     Petitioner's residual functional capacity.**

The ALJ found that the claimant a residual functional capacity for a "significant range of sedentary work as defined in 20 C.F.R. § 404.1567." (AR 26.)  The ALJ consulted with a vocational expert, Anne Aastum.  The Court notes that, although the record reflects that Ms. Aastum was present at the hearing on the matter on March 31, 2003 (AR 350), she was not asked by the ALJ to testify.  Instead, the ALJ submitted a boilerplate set of interrogatories to Ms. Aastum some time after the hearing.  Ms. Aastum's responses to the interrogatories were received by the ALJ on December 8, 2003 (AR 339-45).  Accordingly, there was no opportunity for Petitioner's counsel to pose any case-specific hypotheticals to Ms. Aastum, let alone cross examine her.

In response to the interrogatories, Ms. Aastum stated that the Petitioner would not be able to perform any of his past relevant work because it was all at a light to medium exertional level.  She further stated that he had a number of transferable skills, especially the knowledge of tools and materials necessary to construct, make and repair dental prosthetics.  (AR 344.)  On this basis, Ms. Aastum stated that the Petitioner would be capable of performing the sedentary jobs of dental ceramist, dental ceramist assistant, and orthodontic technician.  (AR 344.)  The ALJ concurred with this assessment in his analysis of finding that the Petitioner was not disabled. (AR 26.)

The Petitioner takes issue with this aspect of the vocational expert's statements and the ALJ's reliance on her statements for the reason that the ALJ failed to take into consideration the

**Memorandum Decision and Order - Page 13**

Petitioner's physical limitations relating to the use of his hands.  The record that was before the ALJ contain notes in the medical records that the Petitioner has fine hand tremors, in the right hand greater than the left.  (AR 283, 292.)  Additionally, Petitioner complained about arthritis symptoms in both hands, neck, and left hip, and he was prescribed a new medication for arthritis in February, 2002.  (AR 328-29.)

When he was interviewed by a vocational rehabilitation specialist in connection with his worker's compensation claim in January, 2002, the Petitioner reported then that he had arthritis in his fingers and that "they have grown quite stiff."  (AR 145.)  He further reported that he had been trained as a denturist and dental lab technician, "but he was no longer able to perform either of those occupations because they required the ability to make precisely coordinated movements with the fingers in order to grasp, manipulate, or assemble very small objects."  (AR 151.)  Petitioner stated that the arthritis was one of the reasons why stopped working in a dental laboratory and started working at the state hospital.  For her report (AR 143-55), the vocational expert consulted the owner of a local dental laboratory who employs 23 people making full and partial dentures, crowns, bridges, and orthodontic appliances.  The lab owner confirmed that this work required "superior fine motor abilities" and that, "in his opinion, an individual who had any problems with stiff or arthritic fingers would definitely not be able to perform the work."  (AR 153-54.)

Despite the established medical and vocational evidence of record, and the Petitioner's testimony about having arthritis in his hands and that he takes medication for it, the ALJ did not inform Ms. Aastum of this information in the interrogatories.  Therefore, Ms. Aastum was unable to evaluate whether Petitioner's arthritic hands would change her opinion, for example, as

to the transferable skills that she stated Petitioner possesses. If a vocational expert's testimony does not take into consideration all of a claimant's limitations which would affect his ability to do a certain level of work, then the expert's testimony will be deemed to have no evidentiary value to support a finding that the claimant can perform jobs in the national economy. *DeLorme v. Sullivan,* 924 F.2d 841, 850 (9th Cir. 1991), *citing Embrey v. Bowen,* 849 F.2d 418, 423 (9th Cir. 1988)("If the hypothetical posed by the ALJ to the vocational expert did not reflect all of Embrey's limitations, the expert's opinion has no evidentiary value and cannot support the ALJ's decision.")

Here, the interrogatories that were posed to the vocational expert by the ALJ did not take into account all of the Petitioner's limitations of record, namely that he has arthritis in his hands and stiff fingers, so the ALJ's vocational expert did not give an opinion which took that into account. Therefore, Ms. Aastum's opinion that the Petitioner could perform three types of dental laboratory jobs which are substantially the same or similar in nature to the type of work that he did before, except that these three job types are categorized as sedentary instead of light, and the ALJ's corresponding reliance on Aastum's responses in making his findings, is not supported by substantial evidence.

C.      **Remand.**

The Court has discretion to remand a case either for reconsideration or for a determination of an award of benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The Court may direct that an award of benefits be made where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (1996). Evidence may be credited and a case remanded for a

determination of benefits in such instances where:  1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, 2) there are no outstanding issues that must be resolved before a determination of disability can be made, and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  *See: Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(crediting treating physician's uncontroverted testimony and awarding benefits); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)(crediting subjective symptom testimony and awarding benefits); and *Varney v. Secretary of Health & Human Svcs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)(same).

In this case, the ALJ's reasons for discrediting the Petitioner's testimony were legally insufficient and not supported by the evidence of record.  Further, there is evidence in the record from another vocational expert that, if the Petitioner's arthritic hand condition was taken into account, then he would not be able to perform any tasks that remotely resemble his past work in a dental laboratory.  This is essentially uncontroverted because the ALJ's vocational expert's opinion cannot be given any evidentiary weight.  In addition, the ALJ's vocational expert did not take into consideration whether the Petitioner's back problems would prove to be a limitation that would preclude him from sitting at a stool and working at a bench in a dental lab all day, even if the petitioner did not have arthritis in his hands.

The record here is fully developed and there are no outstanding issues that give rise to a reason for remanding this case for further consideration or reconsideration.  Therefore, considering the evidence that the ALJ improperly discredited, and the other evidence indicating that Petitioner's arthritis in his hands would limit him from being able to perform the types of dental laboratory work that Ms. Aastum stated, the Court can only reach one conclusion, and that

**Memorandum Decision and Order - Page 16**

is that the Petitioner was disabled as of his claimed onset date.  *See Smolen v. Chater*, 80 F.3d 1273, 1292 (1996); and *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

## V.
## Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence and is the product of legal error.  Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be reversed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be REVERSED and that the matter be REMANDED for a determination and payment of benefits.



DATED: **March 31, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge